UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFID JOKA and KELLY BAHRI,           CASE NO. 05-CV-73786
                                                       HON. LAWRENCE P. ZATKOFF

        Plaintiffs,

vs.

HANGER PROSTHETICS &
ORTHOTICS, INC.,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 23, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Emergency Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c) and (d). Plaintiff has not filed a response, although the Court notes that Defendant's Motion was filed only yesterday afternoon. The Court did call the office of Plaintiff's Counsel immediately upon receiving the Motion and asked him to call if he desired to file any response. The Court has not heard from Plaintiff's counsel.

**II. BACKGROUND**

Plaintiff Rafid Joka filed the instant action in late 2005. In summary, the cause of action alleges that Defendant's prosthetic devices caused numerous problems to Plaintiff as a result of

Plaintiff's use of such prosthetics on both of his legs.  Plaintiff's Complaint includes claims for product liability, breach of implied warranty of merchantability, breach of warranty of fitness for a particular purpose, negligence and loss of companionship.  To date, no scheduling conference has taken place, nor has a Rule 26(f) conference been conducted by the Plaintiff.

In the past several weeks, Plaintiff's counsel asked Defendant's counsel if Plaintiff's deposition could be scheduled for March 7, 2006, because of Plaintiff's ill health.  Plaintiff's counsel subsequently asked that the deposition be moved up to February 23, 2006 (today).  According to Defendant, the Defendant agreed if Defendant received the necessary records and an opportunity to depose Plaintiff immediately preceding the de bene esse deposition of Plaintiff.

Defendant received Plaintiff's de bene esse deposition notice on February 20, 2006, and Plaintiff received Defendant's Notice of Discovery Only deposition on February 20, 2006.  Defendant claims that it has been provided only limited medical records.  Defendant's counsel further asserts that when she called Plaintiff's counsel to inquire about Plaintiff's health, she was informed that Plaintiff's counsel would not allow the discovery only deposition of Plaintiff prior to the de bene esse deposition.

Defendant now asks this Court to enter a Protective Order pursuant to Fed. R. Civ. P. 26(c) and not allow the de bene esse deposition of Plaintiff until Hanger is permitted to depose the Plaintiff.

### III. ANALYSIS

The Court has reviewed the docket in this matter and notes that no scheduling conference has been conducted.  In addition, according to the Defendant, no Rule 26(f) conference has been

conducted. As such, under Rule 26(d), no discovery from any source may be sought absent agreement of the parties or order of the Court. Defendant clearly does not agree to a de bene esse deposition unless Defendant is allowed to conduct a discovery deposition first. Taking only that issue into consideration, the Court would not be inclined to order that any depositions go forward at this time. The Court, having been made aware of the ill health of Plaintiff, however, understands that time may be of the essence in taking the Plaintiff's deposition.

Accordingly, after weighing the competing interests in this matter, the Court finds that the interests of justice in this matter are best served by not delaying the taking of Plaintiff's deposition. The Court also finds that the interests of justice are best served by allowing the Defendant to take a discovery deposition of the Plaintiff prior to any de bene esse deposition that might be taken of Plaintiff.

### IV.  CONCLUSION

For the reasons set forth above, the Court hereby ORDERS that the discovery deposition of Plaintiff be conducted by Defendant's counsel today, February 23, 2006, at 10:00 a.m. The Court FURTHER ORDERS that, to the extent that Plaintiff's counsel desires to conduct a de bene esse deposition following such discovery deposition, such de bene esse deposition be conducted immediately thereafter.

IT IS SO ORDERED.

                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: February 23, 2006

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 23, 2006.

                                                   s/Marie E. Verlinde
                                                 Case Manager
                                                 (810) 984-3290