UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFID JOKA,
et al.,

       Plaintiffs,          CIVIL ACTION NO. 05-CV-73786-DT

  vs.

                             DISTRICT JUDGE LAWRENCE P. ZATKOFF

HANGAR PROSTHETICS,     MAGISTRATE JUDGE MONA K. MAJZOUB
AND ORTHOTICS, INC.,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY AND MEDICAL AUTHORIZATIONS

     This matter comes before the Court on Defendant's Motion to Compel Discovery and Medical Authorizations Pursuant to FRCP 37 filed on September 13, 2006. (Docket no. 13). Plaintiff did not file a written response, but the Court entertained oral argument on November 8, 2006 and heard from Plaintiff's counsel at that time. This matter, having been referred to the undersigned, is therefore ready for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 14).

     This is an action alleging products liability, negligence and wrongful death arising out of the deceased Plaintiff's use of prosthetic feet manufactured and sold by Defendant. Plaintiffs contend that the prostheses caused Plaintiff to suffer breakdowns of his skin and infections which necessitated further amputations of his legs.

Defendant filed this motion to compel Plaintiffs to answer Defendant's First Set of Interrogatories and Request for Production of Documents and Medical Authorizations which were served on March 15, 2006.  On October 18, 2006, Defendant's counsel sent a letter to the Court withdrawing the portion of the motion relating to discovery responses because Plaintiffs had responded to the Interrogatories.  Defendant still requests a ruling on its Motion to Compel Medical Authorizations because although some signed medical authorizations had been received, four medical authorizations were still outstanding.  The four entities for which authorizations are still outstanding are: St. John Hospital--Oakland; Harper/Hutzel Hospital; Dean & Fulkerson Resident Agent for Residential Home Health, LLC; and Select Specialty Hospital.  Discovery is currently scheduled to close on November 20, 2006, although there is a motion to extend that date pending before Judge Zatkoff.

Defendant's motion is made pursuant to Fed. R. Civ. P. 37(a)(2)(B).  Pursuant to this rule, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).

At oral argument, Plaintiff's counsel agreed that Plaintiff should provide to Defendant the signed medical authorizations for the four entities identified above.  The forms have already been sent to Plaintiff Bahri as the personal representative of the Estate of Rafid Joka.  Plaintiff Bahri will therefore be ordered to provide these authorizations.  Defendants' request for costs and attorney fees is denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery and Medical Authorizations Pursuant to FRCP 37 (docket no. 13) is **GRANTED** to the extent that

Plaintiff Bahri shall on or before November 20, 2006 at 5:00 p.m. deliver to Defendant's counsel signed medical authorization forms for the four entities identified in the body of this Order. The remainder of Defendant's motion is **DENIED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: November 14, 2006              s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: November 14, 2006              s/ Lisa C. Bartlett
                                      Courtroom Deputy